**Application of Fernando M. RONCI.**

United States Court of Customs and Patent Appeals.

Nov. 4, 1965.

Max Schwartz, Providence, R. I. (Ben Cohen, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals which affirmed the examiner's rejection of claim 5 in appellant's application[1] for reissue of U. S. Patent No. 2,851,797, entitled "Heel and Tap Therefor."

Appellant's specification defines the problem he faced as follows:

In certain types of women's shoes the heel has been constructed with an extremely narrow shank popularly called a "spike." These heels have

1. Serial No. 764,466, filed September 30, 1958.

become so small in cross section that they are extremely weak and easily broken. Recently they have been molded of plastic material to give them additional strength. But regardless of their construction it has become increasingly difficult to supply these heels with a tap at the bottom. The nailing area is extremely small and it is difficult to fit the tiny tap to the bottom of the heel. Furthermore, it has become fashionable to use metal taps, and again the small area has prevented a firm attachment. When the taps are worn the shoemaker finds it extremely difficult to renail a new tap without splitting the heel.

The assembly which appellant discloses to solve that problem is best described by referring to claim 5:

5. A reinforced heel having a body portion of relatively weak plastic material provided at its upper end with a relatively broad top surface and at its lower end with a relatively small tap end, said body portion tapering relatively sharply inwardly from said broad top portion to form a relatively narrow heel portion, the body portion being interiorly provided with an opening extending longitudinally of the body portion from the tap end toward the broad top surface through said narrow heel portion, an elongated reinforcing core constituted of material much harder than that of the plastic body portion driven into said

opening, the reinforcing core being provided with means for preventing movement in the opening, and a tap in engagement with the bottom end of said heel, said tap having a central opening and the lower end of said reinforcing core extending from said bottom end into said tap opening, means being provided for preventing separation of the tap from the bottom end when the reinforcing core is mounted in place in the heel opening.

In a specific embodiment, a threaded bore (the "opening extending longitudinally of the body portion" in the claim) extends vertically through the shank of the narrow plastic heel. An "elongated reinforcing core" or screw is passed through the central opening of a leather, metal or rubber tap and is threaded or "driven" into the bore in the heel, serving to strengthen the narrow heel portion. The head of the screw serves as a means to hold the tap to the lower end of the narrow heel.

The board agreed with the examiner's application of the Dratler [2] disclosure and drawings to the appealed claim, finding that "claim 5 is drawn in such broad terms as to be readable on the Dratler heel construction" alone. The board also found claim 5 to be unpatentable over Tacchi [3] in view of Dratler, stating:

\* \* \* it would be obvious to one skilled in the art to utilize the Tacchi driven reinforcing core \* \* \* not only for securing a built-up portion to the heel but also for secur-

2. U.S. Patent No. 2,544,878, issued March 31, 1951. In appellant's words, the reference "shows a plastic heel having a tap which is held at the bottom end with a screw." The drawings, according to appellant, illustrate what is known in the trade as a "Cuban" heel. It has a broad top portion, and then it "tapers generally toward the lower end thereof."

3. Italian Patent No. 329,884, granted September 26, 1935. The reference discloses a "spike" heel construction for ladies' shoes which approximates the corresponding proportions and dimensions of appellant's heel. It comprises a wooden taper-

ed body portion, a built-up extension portion "of leather or other suitable material (artificial leather, cardboard, fiber, rubber, etc.)," and a screw securing the extension portion to the smaller lower end of the body portion. The specification indicates that an unshown "heel lift" or ground-engaging tap should be nailed to the underside of the extension portion over the screwhead. Also, the screw penetrates the upper wooden portion giving rise to "the useful effect of increasing the strength of the base of the wooden heel, which in women's shoes is readily subjected to breaking owing to its present structural shape."

ing a tap to the heel, especially in view of the suggestion of Dratler.

* * *

We agree with the board's position as to obviousness of the claimed subject matter. While Tacchi suggests nailing of the lift or tap to the built-up extension portion of the heel, we think that one skilled in the art would readily appreciate that the tap could be secured by the same screw used to attach the built-up portion to the heel. Appellant himself notes that "the attachment of taps to heels has been accomplished with every known device" including "nails, screws, clamps, glue, clips, dowels, etc.," and Dratler confirms that the use of screws for that purpose is well known. When we look to the problem of heel breakage faced by appellant (here also recognized by Tacchi) and the solution proposed therefor, we must conclude the subject matter as a whole would be obvious to one of ordinary skill in this art from a consideration of the cited references.

The view we take of this case renders it unnecessary to consider whether claim 5 is "readable" on Dratler.

The decision is affirmed.

Affirmed.